SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL RAILROAD PASSENGER CORPORATION, a business corporation; DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACQUELINE STARR, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
11/22/2021
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* B.F. Sisk Courthouse
1130 O Street
Fresno, California 93721

CASE NUMBER:
*(Número del Caso):* 21CECG03456

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sutton Shapiro, Esq; Wilshire Law Firm; 3055 Wilshire Blvd, 12th Fl, Los Angeles, CA 90010; 213-381-9988

DATE: 11/22/2021           Clerk, by  E. Meyer             , Deputy
*(Fecha)*                  *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NATIONAL RAILROAD PASSENGER CORPORATION, a business corporation;
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Sutton Shapiro, Esq. SBN: 284084
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989
Email: Suttonsteam@wilshirelawfirm.com

E-FILED
11/19/2021 1:07 PM
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

Attorneys for Plaintiff, JACQUELINE STARR

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA
# COUNTY OF FRESNO

| | |
|---|---|
| JACQUELINE STARR, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a business corporation; DOES 1 through 50, inclusive.<br>　　　　　　Defendants. | CASE NO.: 21CECG03456<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **NEGLIGENCE**<br>2. **PREMISES LIABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff JACQUELINE STARR, who respectfully alleges the following:

## GENERAL ASSERTIONS

1.　　This is an action for personal injury arising out of the actions of the Defendants, which occurred on or about December 28, 2019 and which proximately caused serious injury to Plaintiff JACQUELINE STARR. The negligent acts and omissions of the Defendants as herein alleged took place in or about the City of Fresno, in the County of Fresno, State of California. Accordingly, venue within this judicial district is proper.

///

2. At all times relevant herein, Plaintiff JACQUELINE STARR was a resident of the City of Kennesaw, County of Cobb, State of Georgia.

3. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant NATIONAL RAILROAD PASSENGER CORPORATION was a Company authorized to do business in, and doing business in, the City of Fresno, County of Fresno, State of California.

4. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant NATIONAL RAILROAD PASSENGER CORPORATION owned, managed, repaired, maintained and/or controlled the property or was responsible for designing, constructing, maintaining, cleaning, repairing, or managing the property located at Santa Fe Passenger Depot, 2650 Tulare Street, Fresno, CA 93721 (hereafter "SUBJECT PREMISES").

5. The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named Defendants when the same has been ascertained.

6. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

7. Plaintiff is informed and believes, and based upon such information and belief alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents.  In addition, at all times herein relevant, each defendant, whether named herein or designated as a DOE, was a principal, master, employer and joint venturer or every other defendant, and every defendant was acting within the scope of said agency authority, employment and joint venture.

8. On or about December 28, 2019, Plaintiff JACQUELINE STARR was lawfully on the SUBJECT PREMISES.

9. While using the SUBJECT PREMISES in a reasonably foreseeable manner, Plaintiff JACQUELINE STARR was seriously injured when the Plaintiff tripped and/or fell in the train aisle due to a liquid substance spilled on the floor.

## FIRST CAUSE OF ACTION

### Negligence

*[Against All Defendants]*

10. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions above.

11. On the above date, Plaintiff was lawfully on the SUBJECT PREMISES and was using the SUBJECT PREMISES in a reasonably foreseeable manner.

12. That at said time and place, as aforesaid, Defendants and DOES 1 through 50, inclusive, and each of them, owed a duty of reasonable care toward Plaintiff and others based upon Defendant's ownership of the property, their right to exercise of control over the premises, their management and maintenance of the property, their contractual obligations, custom and practice in the industry, and the commission of affirmative acts that resulted in injury to the Plaintiff.

13. Additionally, the duty owed by Defendants and DOES 1 through 50, inclusive and each of them is based on Civil Code § 1714(a) which mandates that everyone is responsible for injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property.

14. Plaintiff is informed and believes, and based upon such information and belief alleges Defendants and DOES 1 through 50, inclusive and each of them breached said duty when by the acts of their agents and employees they negligently, carelessly and recklessly constructed, inspected, maintained, contracted, subcontracted, supervised, controlled, engineered, and designed the SUBJECT PREMISES.

15. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants and DOES 1 through 50, inclusive and each of them, negligently and carelessly created, assisted, developed and/or approved the dangerous condition which consisted of train aisle not being properly cleaned and leaving liquid substances spilled on the floor, which caused the Subject Incident to occur.

16. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants and DOES 1 through 50, inclusive and each of them, regularly inspected the SUBJECT PREMISES and that they were aware of the dangerous nature of the SUBJECT PREMISES. Further, Defendants, and each of them, had actual or constructive knowledge of the unsafe conditions, as aforesaid, and performed acts that affirmatively contributed to the creation of these unsafe conditions. Each of these acts was affirmative in nature, and created the dangerous condition leading to the injury of Plaintiff.

///

17. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants and DOES 1 through 50, inclusive and each of them, knew or in the exercise of reasonable care should have known of the dangerous nature of the SUBJECT PREMISES and failed to warn foreseeable users of the dangerous nature of the premises.

18. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants and DOES 1 through 50, inclusive and each of them could have prevented the subject incident from occurring and that the costs associated with maintaining the SUBJECT PREMISES in a safe condition would have been minimal.

19. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants knew or should have known that the specific employee(s) who performed the above referenced acts was unfit and Defendants were therefore negligent in hiring, retaining, training, and supervising their employees.

20. As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants and DOES 1 through 50, inclusive and each of them, Plaintiff suffered severe injuries and attendant damages.

21. As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

22. In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

    a. All past and future medical and incidental expenses;

    b. All past and future loss of earnings and earning capacity;

    c. All past and future non-economic damages;

    d. Loss or damage to tangible personal property; and

    e. Pre-trial and post-trial interest.

## SECOND CAUSE OF ACTION

### Premises Liability

*[Against all Defendants]*

23. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs, inclusive, of the General Assertions and the First Cause of Action above.

24. On the above date, Plaintiff was lawfully on the SUBJECT PREMISES and was using the SUBJECT PREMISES in a reasonably foreseeable manner.

25. Plaintiff is informed and believes, and based upon such information and belief alleges that on the aforementioned date, and while Plaintiff was using the SUBJECT PREMISES in a reasonably foreseeable manner, Defendants and DOES 1 through 50, inclusive and each of them so negligently and carelessly operated, supervised, cared for, inspected, and maintained the SUBJECT PREMISES so as to cause the subject incident which resulted in the Plaintiff being injured.

26. As an invitee and licensee of the premises, Defendants and DOES 1 through 50, inclusive and each of them, owed a duty of reasonable care toward Plaintiff and others based upon Defendant's ownership, possession, and operation of the subject premises where the injury-causing incident occurred. Additionally, said duty is based on the requirements of Civil Code §1714 requiring all persons to act in a reasonable manner toward others and on the requirements of *Rowland v. Christian* (1968) 69 Cal.2d 108 regarding liability of landowner for those on the premises.

27. Plaintiff is informed and believes, and based upon such information and belief alleges that on the aforementioned date, Defendants and each of them created, maintained, controlled and allowed a dangerous condition of the premises to exist in the area where Plaintiff and others were located. Said dangerous condition consisted of train aisle having liquid substance spills on the floor. Defendants affirmatively approved and oversaw the unsafe conditions existing at the time of the subject incident.

///

28. Further, at the time of the subject incident, the SUBJECT PREMISES was in a dangerous condition as it posed a serious risk of injury to foreseeable users, including Plaintiff. The dangerous nature of the SUBJECT PREMISES was known to the Defendants or in the exercise of reasonable care should have been known to the Defendants, inclusive and each of them. However, the dangerous nature of the SUBJECT PREMISES was not known to the Plaintiff.

29. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants knew or should have known that the specific employee(s) who performed the above referenced acts was unfit and Defendants were therefore negligent in hiring, retaining, training, and supervising their employees.

30. As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants and DOES 1 through 50, inclusive and each of them, Plaintiff suffered severe injuries and attendant damages.

31. As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

32. In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

    a. All past and future medical and incidental expenses;

    b. All past and future loss of earnings and earning capacity;

    c. All past and future non-economic damages;

    d. Loss or damage to tangible personal property; and

    e. Pre-trial and post-trial interest.

///

///

///

WHEREFORE, Plaintiff JACQUELINE STARR hereby prays for judgment against all Defendants and each of them as follows:

1. For all past and future economic damages, including but not limits to medical expenses, incidental expenses, loss of income and loss of earning capacity, according to proof;

2. For all past and future non-economic damages, according to proof;

3. All loss of property damage;

4. For pre-judgment and post-judgment interest, as allowed by law;

5. For costs of suit; and

6. For such other and further relief as the Court deems just and proper.

DATED: November 19, 2021          **WILSHIRE LAW FIRM**

By: _____
Sutton Shapiro, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

DATED: November 19, 2021          **WILSHIRE LAW FIRM**

By: _____
Sutton Shapiro, Esq.
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sutton Shapiro, Esq. SBN: 284084<br>Wilshire Law Firm<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (213) 381-9988  FAX NO.: (213) 381-9989<br>ATTORNEY FOR *(Name)*: Plaintiff, Jacqueline Starr | E-FILED<br>11/19/2021 1:07 PM<br>Superior Court of California<br>County of Fresno<br>By: E. Meyer, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Jacqueline Starr v. National Railroad Passenger Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21CECG03456 |
|---|---|---|
| ✔ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
✔ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: Two
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 19, 2021
Sutton Shapiro, Esq.
(TYPE OR PRINT NAME)  ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Unlimited Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1900 | FOR COURT USE ONLY<br><br>11/22/2021<br><br>Filed by Court |
|---|---|
| TITLE OF CASE:<br><br>Jacqueline Starr vs National Railroad Passenger Corporation | |
| NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES | CASE NUMBER:<br><br>21CECG03456 |

**To All Parties and their Attorneys of Record:**  Sutton A. Shapiro
Wilshire Law Firm
3055 Wilshire Blvd 12th Floor
Los Angeles CA  90010

This case has been assigned to **Kristi Culver Kapetan**, Judge for **all purposes**.
All future hearings will be scheduled before this assigned judge, in **Department 403**

You are required to appear at a Case Management Conference on **03/16/2022** at **3:30 PM** in **Department 402** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  11/22/2021            Clerk, by   **Elise Meyer**                                   , Deputy

CV-48  R07-21              NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE
OPTIONAL                                         FOR ALL PURPOSES