JACOB D. FLESHER – SBN 210565
JASON W. SCHAFF – SBN 244285
JEREMY J. SCHROEDER – SBN 223118
**FLESHER SCHAFF & SCHROEDER, INC.**
2202 Plaza Drive
Rocklin, CA 95765
Telephone: (916) 672-6558
Facsimile:  (916) 672-6602

Attorneys for defendant,
NATIONAL RAILROAD PASSENGER CORPORATION

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| JACQUELINE STARR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a business corporation; and, DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.**<br>*Fresno Superior Court Case No. 21CECG03456*<br>*Complaint filed: 11/19/21*<br>*Trial Date: not set*<br><br>**DEFENDANT, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK'S ANSWER TO COMPLAINT** |

Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, doing business as AMTRAK, answers each paragraph of the Complaint as follows:

1. This answering party denies that venue is proper. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

2. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

3. Admitted.

4. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

5. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

6. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

7. This paragraph is unintelligible such that this answering party can neither or admit the allegations in it.

8. Based on the definition of "subject premises" provided in the Complaint, the allegations in this paragraph are denied.

9. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

10. This answer party incorporates by reference each previous answer, as stated above.

11. Based on the definition of "subject premises" provided in the Complaint, the allegations in this paragraph are denied.

12. This paragraph contains only legal conclusions to which no response is required.

13. This paragraph contains only legal conclusions to which no response is required.

14. Denied.

15. Denied.

16. The answering party admits that it regularly inspects its trains, but as "subject premises" is defined in the complaint, it denies the remainder of this paragraph.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

22. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

23. This answer party incorporates by reference each previous answer, as stated above.

24. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

25. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

26. This paragraph contains only legal conclusions to which no response is required.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

32. This answering party lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph.

FURTHER, AS SEPARATE AFFIRMATIVE DEFENSES to each and every claim for relief of the Complaint, this answering defendant is informed and believes, and on such information and belief, alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each alleged cause of action in it, fails to state facts sufficient to constitute a cause of action against these answering defendants so as to bar recovery by Plaintiff.

//
//
//

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was careless, reckless, and negligent in and about the matters and things alleged in the Complaint which caused or contributed to plaintiff's damages, if any, so as to bar or reduce recovery by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The Court may be called upon to apportion liability, if any, for the subject accident on a comparative fault basis and this answering defendant may seek contribution and/or indemnity from such other persons or entities as may have been contributive to the matters in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action in it, is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action therein, are pre-empted by state and/or federal law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, and the Complaint seeks elements of damages which are not recoverable as plead or by the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, in whole or in part, pre-existed the events referenced in this lawsuit such that Amtrak is entitled to apportionment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff expressly agreed to arbitrate this dispute with Amtrak and should be compelled to do so.

## NINTH AFFIRMATIVE DEFENSE

If, and to the extent that it may be entitled to further defenses of which they are presently unaware, defendant reserves the right to amend this Answer to plead such additional and further affirmative defenses as they become known.

WHEREFORE, AMTRAK prays judgment be entered that plaintiff take nothing by reason of the Complaint on file herein, that AMTRAK be awarded its costs of suit and for such other and further relief as the court deems just and proper.

DATED:  January 12, 2022              **FLESHER SCHAFF & SCHROEDER, INC.**

By /s/ Jason W. Schaff
    JACOB D. FLESHER
    JASON W. SCHAFF
    JEREMY J. SCHROEDER
    Attorneys for defendant,
    NATIONAL RAILROAD PASSENGER CORPORATION