UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE STARR,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a business corporation; DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.  1:22-cv-00057-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS<br><br>(Doc. No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### I.    Background

Plaintiff Jaqueline Starr ("Plaintiff"), initiated this action in the Fresno County Superior Court. (Doc. No. 1.) On January 12, 2022, the matter was transferred to this Court. (Doc. No. 1.)

On January 14, 2022, Plaintiff's counsel filed a motion to withdraw. (Doc. No. 4.)  The motion was referred for findings and recommendations.  (Doc. No. 5.) However, the motion was granted by direct order on February 18, 2022, following the hearing on the motion. (Doc. No. 9.) Plaintiff did not appear at the hearing on the motion to withdraw.

The Court substituted Plaintiff in propria persona, vacated the scheduling conference, and set a telephonic status conference.  (Doc. Nos. 9, 10.) The status conference was set for March 15, 2022, to discuss whether Plaintiff intended to proceed *in propria persona* or attempt to secure new counsel. (Doc. No. 10.) Plaintiff did not appear at the conference on March 15, 2022. (Doc. No. 11.) The Court then issued an order to show cause, requiring Plaintiff to appear before the Court to show cause why the action should not be dismissed for failure to obey a court order and

1

failure to prosecute. (Doc. No. 12.)

The Order to Show Cause was served by mail on Plaintiff at her last known address. The notices and orders served on Plaintiff at her last known address have not been returned to the Court as undeliverable, which would have been entered on the docket had mail been returned. On April 5, 2022, the Court held a hearing on the Order to Show Cause. Despite delaying the start of the hearing to allow Plaintiff time to appear, Plaintiff failed to appear.

The Court will therefore recommend that this action be dismissed, with prejudice, for failure to prosecute and failure to obey the Court's orders.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending in this Court since January 2022, and despite repeated opportunities for Plaintiff to appear and prosecute her case, it remains unprosecuted by Plaintiff. Indeed, the Court has ordered Plaintiff to appear at multiple hearings, but she has failed to comply

with the Court's orders. The Court cannot hold this case in abeyance awaiting Plaintiff's compliance. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's February 18, 2022, order directing the Plaintiff to appear at a status conference warned that failure to comply may result in the imposition of sanctions. (Doc. No. 10 at 2.) Further, the Court's March 15, 2022, order to show cause expressly warned Plaintiff that her failure to respond would "result in a recommendation for dismissal of this action for failure to prosecute, failure to appear, and failure to obey the Court's order." (Doc. No. 12 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The imposition of monetary sanctions or the preclusion of evidence/witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

### III.     Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with

prejudice, for Plaintiff's failure to prosecute this action and failure to obey this Court's orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 5, 2022**                    /s/ Barbara A. McAuliffe             _
                                              UNITED STATES MAGISTRATE JUDGE